UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACK ABBOTT GREBE, Jr., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 11-793 (ABJ) |
| | ) |
| HARLEY G. LAPPIN, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This case is currently before the Court on Petitioner's petition for a writ of habeas corpus, which has been filed by a person in federal custody pursuant to a judgment of a federal court. The Court will dismiss all claims against Respondent Harley G. Lappin and the United States, because these respondents are not Petitioner's immediate custodian. The Court will then transfer this case to the district having territorial jurisdiction over Petitioner's immediate custodian.

**I.  Petitioner Makes His Petition Under 28 U.S.C. § 2241.**

Petitioner alleges that he is in federal custody pursuant to a judgment of the United States District Court for the Southern District of Texas. Pet. Form ¶¶ 1–2, ECF No. 1. He challenges the lawfulness of that custody. *Id.* ¶ 9. 28 U.S.C. § 2241 is the general federal statute concerning petitions for writs of habeas corpus brought by persons in federal custody. § 2241(c). The Court therefore construes the petition as brought under § 2241.

**II.  Director Lappin and the United States Are Not Proper Respondents.**

Petitioner commenced this action against not only his immediate custodian, but also the United States, *see* Pet. Form. at 1, and Harley G. Lappin, Director of the Federal Bureau of Prisons, *see* Pet. for Admin. Habeas Corpus in the Territorial Ct. at 1, ECF No. 1. The proper

respondent in a habeas case is the person having custody—i.e., legal control—over the petitioner. 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). For ordinary prisoners, such custodian is the prisoner's warden. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 811 (D.C. Cir. 1988). Neither Director Lappin nor the United States is Petitioner's warden. All claims against Director Lappin will therefore be dismissed.

### III. This Case Will Be Transferred.

A habeas petition under § 2241 must be filed in the federal court with territorial jurisdiction over the respondent. § 2241(a) (providing that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions"); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."). Petitioner is imprisoned at the Federal Correctional Institution - Low at the Butner Federal Correctional Complex ("FCI Butner Low"). *Inmate Locator*, Fed. Bureau of Prisons, http://www.bop.gov/iloc2/LocateInmate.jsp (search for Register No. 82283-079). FCI Butner Low, along with its warden, is located within the territorial jurisdiction of the United States District Court for the Eastern District of North Carolina. *FCI Butner Low*, Fed. Bureau of Prisons, http://www.bop.gov/locations/institutions/buf/index.jsp (last visited Apr. 29, 2011).

The Court shall transfer a habeas petition to a court with proper territorial jurisdiction when such transfer is "in the interests of justice." 28 U.S.C. § 1631; *see, e.g.*, *Bailey v. Fulwood*, No. 10-cv-463, 2011 WL 677999, at *5 (D.D.C. Feb. 15, 2011). Such a transfer is in the interest of justice where, *inter alia*, "it would be time-consuming and potentially costly" for a petitioner to refile his petition in the proper court. *Stern v. Fed. Bureau of Prisons*, 601 F. Supp. 2d 303,

2

306–07 (D.D.C. 2009). Because it would be unnecessarily costly and time-consuming to make the petitioner refile his petition, the Court will simply transfer it.[1]

## IV. Conclusion.

For the reasons discussed above, all claims against Director Lappin and the United States will be dismissed and this case will be transferred to the United States District Court for the Eastern District of North Carolina. A separate order shall issue this date.

DATE: May 5, 2011

/s/
AMY BERMAN JACKSON
United States District Judge

---

[1] Section 1631 gives federal courts "authority to make a single decision upon concluding that it lacks jurisdiction—whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court of appeals that has jurisdiction." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 803 (1988). In this opinion, the Court has decided not only to transfer this case, but also to dismiss all claims against Director Lappin and the United States. This is proper because the Court cannot conclude that it lacks jurisdiction over this action without first concluding that Director Lappin and the United States are not proper respondents.